IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED
FEB 22 1995
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY | § § § | |
| Plaintiff | § | |
| VS. | § § | C.A. NO. H-95-____ ADMIRALTY |
| UNITRAMP LIMITED, and UNITRAMP S.A. | § § § | F.R.C.P. 9(h) |
| Defendants | § § | |

H 95    0522

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, AMERICAN HOME ASSURANCE COMPANY, seeks a Declaratory Judgment against Defendants, UNITRAMP LIMITED, and UNITRAMP S.A. (hereinafter "UNITRAMP Defendants") and in support thereof shows this Honorable Court the following:

### I.

### PARTIES

1. AMERICAN HOME ASSURANCE COMPANY, a New York corporation, is the insurer which subscribed to Marine Terminal Operator's Comprehensive Liability Insurance Policy No. A0032.

2. Defendant, UNITRAMP LIMITED, is a foreign corporation which upon information and belief does not maintain an office or its principal place of business within the state of Texas. However, UNITRAMP LIMITED has retained Mark Cohen of Royston, Rayzor, Vickery & Williams to act as its attorney and agent

48549                                                                 Page 1

with respect to this claim. Therefore, service of process may be had upon the Defendant at the following address:

>   UNITRAMP LIMITED
>   c/o Mark Cohen
>   Royston, Rayzor, Vickery & Williams
>   2200 Texas Commerce Tower
>   Houston, Texas 77002

3.  Defendant, UNITRAMP S.A., is a foreign corporation which upon information and belief does not maintain an office or principal place of business within the state of Texas. However, UNITRAMP S.A. has retained Mark Cohen of Royston, Rayzor, Vickery & Williams to act as its attorney and agent with respect to this claim. Therefore, service of process may be had upon the Defendant at the following address:

>   UNITRAMP S.A.
>   c/o Mark Cohen
>   Royston, Rayzor, Vickery & Williams
>   2200 Texas Commerce Tower
>   Houston, Texas 77002

## II.
## JURISDICTION AND VENUE

1.  This is a suit for Declaratory Judgment on a marine insurance policy. Therefore, admiralty and maritime jurisdiction is present pursuant to 28 USC § 1333. This is an admiralty and maritime proceeding within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Diversity jurisdiction also exists in that the parties are diverse and the amount in controvery, exclusive of costs and interest, exceeds $50,000.00.

2. This action is filed under and pursuant to the Declaratory Judgment Act 28 USC § 2201.

3. An actual controversy of a justiciable nature exists between AMERICAN HOME ASSURANCE COMPANY and Defendants relative to interpretation of and rights and obligations under a marine insurance policy.

4. Venue is proper in this District pursuant to 28 USC § 1391. The marine insurance policy at issue was countersigned and delivered is this District and Division.

## III.

### POLICY

On or about June 5, 1992, AMERICAN HOME ASSURANCE COMPANY issued to Galveston Terminal, Inc. a "Marine Terminal Operator's Comprehensive Liability Policy" No. A0032 for the period of June 12, 1992 (midnight C.D.S.T.) to June 12, 1993 (midnight C.D.S.T.). ENJET REFINING, INC. ("ENJET") was added by endorsement as an additional insured under the Policy. The Policy covers only legal liability arising out of operations at scheduled locations. Page 7 of the Policy describes the insured locations. (A true and correct copy of the Policy is attached as Exhibit A hereto.)

48549

Page 3

## IV.

## BACKGROUND

On June 8 and 9, 1993, bunkers were delivered from ENJET's Ingleside facility near Corpus Christi, Texas to the M/V GLENITA, a vessel supposedly owned, operated and/or chartered by the Defendants. Later, Defendants claimed that the bunkers were contaminated and that Defendants had thereby suffered damages.

The Ingleside facility operated by ENJET was **not** a scheduled, insured location under the Policy at the time that the alleged loss occurred. Upon renewal of the Policy on June 12, 1993, the Ingleside facility operated by ENJET was added as an additional, scheduled, insured location. However, this addition to the schedule on the Policy at renewal occurred three days **after** the date of the loss, of June 8 and 9, 1993.

Accordingly, Policy No. A0032 provides no coverage to ENJET in connection with the claims arising out of the bunkering of the M/V GLENITA at Corpus Christi, Texas on June 9, 1993.

The Defendants sued ENJET for monetary damages as a result of the alleged bunker contamination. This litigation was styled UNITRAMP S.A. and UNITRAMP LTD. vs. ENJET, INC. filed in the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-93-2604. Thereafter, ENJET filed for bankruptcy in the United States Bankruptcy Court, Eastern District,

Louisiana. On January 5, 1995, an Order was entered in that cause lifting the automatic stay and permitting the UNITRAMP Defendants to proceed to judgment against ENJET to the extent of available insurance proceeds. ENJET and the Defendants then entered into an agreed judgment in the amount of $210,000.00.

The Defendants have now made a demand on AMERICAN HOME ASSURANCE COMPANY for payment of the agreed judgment.

Because the Ingleside facility operated by ENJET was not a scheduled, insured location under the Policy at the time of the loss, there is no coverage for the Defendants' claims against ENJET and, necessarily, AMERICAN HOME ASSURANCE COMPANY is not liable to satisfy the agreed judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, AMERICAN HOME ASSURANCE COMPANY, pray that Defendants, UNITRAMP LIMITED and UNITRAMP S.A. be cited to appear and answer herein, and that upon trial hereof, AMERICAN HOME ASSURANCE COMPANY have Judgment as follows:

(1) A declaration that no coverage is provided under Marine Terminal Operator's Comprehensive Liability Insurance Policy No. A0032 for the claims of UNITRAMP LIMITED, UNITRAMP S.A. as judgment debtor of ENJET, INC. forming the subject matter of this Declaratory Judgment Action;

48549                                                              Page 5

(2) That Plaintiffs recover all costs of court expended or incurred in this cause;

(3) That Plaintiffs be awarded reasonable and necessary attorney's fees for prosecution of this Declaratory Judgment Action and/or defense of any counterclaim or other action initiated by UNITRAMP LIMITED and UNITRAMP S.A. relative to the subject matter of this Declaratory Judgment Action; and

(4) That Plaintiffs receive such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

BROWN, SIMS, WISE & WHITE

By: _____
Innes Mackillop
State Bar No. 12461800
Walter J. Gallant
State Bar No. 00784100
2000 Post Oak Boulevard
Suite 2100
Houston, Texas 77056-4496
Phone: (713) 629-1580
Fax: (713) 629-5027
Attorneys for Defendant,
AMERICAN HOME ASSURANCE COMPANY